UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. S1-4:10CR517 JCH |
| CATHY GOODSON, CANDI GOODSON, YOLANDA WILLIS, and ANNKESHA WELCH, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). The defendants were arraigned on the superseding indictment, and subsequently filed pretrial motions. A hearing on the pretrial motions was held on October 14, 2011, and the transcript of the hearing which was filed on November 3, 2011. In addition, on November 3, 2011, Defendant Yolanda Willis pled guilty in this matter, and her motion to dismiss or in the alternative for a bill of particulars was withdrawn. Thus, by this Memorandum, the undersigned will address the motions as to the remaining defendants.

#185--Defendant's Motion to Dismiss Indictment . . . (Defendant Cathy Goodson)

#172--Motion to Dismiss Indictment. . . (Defendant Candi Goodson)

#182--Motion to Dismiss Superseding Indictment (Defendant Annkesha Welch)

The defendants claim that the indictment is so vague and non-specific as to not charge them legally with an offense against the United States. According to Rule 7(c), Federal Rules of Criminal

Procedure, an indictment or information must be a plain, concise and definite statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion, and a count may be incorporated by reference and allegation made in another count. Further, the indictment may allege that the means by which a defendant committed an offense are unknown, or it may specify the means. Thus, it may be seen from the above that the rule as to sufficiency of an indictment is general and allows for non-specific but factual pleading of the offenses charged. Generally, an indictment valid on its face is immune from attack. See Costello v. United States, 350 U.S. 359 (1956). Further, an indictment is sufficient if it contains all of the essential elements of the offense charged, and fairly informs the defendant of the charge against him in sufficient detail so that the defendant might plead a conviction or acquittal as a bar to a subsequent prosecution. Further, an indictment will normally be sufficient unless it is so defective that it can not be construed by any means to charge an offense against the defendant. See United States v. Huggans, 650 F.3d 1210 (8th Cir. 2011); United States v. Hayes, 574 F.3d 460 (8th Cir. 2009).

      The indictment in this case charges four defendants with conspiring and agreeing with each other to rob employees of ATM Solutions of U.S. currency from approximately August 2, 2010, continuing up to the date of approximately October 6, 2010 through the date of the indictment. Further, it is alleged in committing the robbery, that the employees of ATM Solutions were threatened with force, or feared injury to their persons. Further, it is alleged that the robbery obstructed, delayed, or affected commerce, as that term is used by the statute. The elements of the offense are: 1) that the defendants induced another individual to part with property; 2) that the defendants voluntarily and intentionally did so by robbery, that is, the taking of property from the

person of another against his will by means of actual or threatened force or violence, or by fear of injury, and 3) that the defendants' actions obstructed, delayed, or affected commerce in any way or degree. See Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, Rev. Ed., 2011.

Based on the above, the undersigned concludes that the indictment in this case does contain all of the essential elements of the offense, and is, therefore, sufficient to withstand a motion to dismiss. The indictment alleges that the extortion was committed by robbery, that this robbery was carried out by threats of force or violence and through the use of fear, and that the robbery affected commerce in some way or degree. It also alleges the robbery to have taken place on a specific date, with the conspiracy continuing for several months afterwards. Given the above, the undersigned concludes that the conspiracy charge is sufficient and should not be dismissed.

It is also alleged that the indictment is insufficient because no overt acts are alleged in furtherance of the conspiracy. As stated, the defendant is charged with a conspiracy to violate 18 U.S.C. § 1951. A careful reading of the statute reveals that unlike the general conspiracy statute, 18 U.S.C. § 371, § 1951 does not require that an overt act be committed in furtherance of the conspiracy. The undersigned notes that at least three circuits have held that an overt act need not be alleged in an indictment charging a conspiracy to violate § 1951. See Ladner v. United States, 168 F.2d 771 (5th Cir. 1948); United States v. Tormos-Vega, 959 F.2d 1103 (1st Cir. 1992); United States v. Maldonado-Rivera, 922 F.2d 934, 983 (2nd Cir. 1990). It should also be noted that a Court in this district held that an overt act need not be charged in a § 1951 prosecution in order to render the indictment sufficient. United States v. Callanan, 173 F.Supp. 98 (E.D. Mo. 1959). In addition,

some of the cases cited above hold that not only need an overt act not be alleged, one need not be proven at trial.

The defendants also allege that the indictment is insufficient because it does not say what type of conduct the defendants were involved in committing the crime. In particular, they allege that the government will not prove that they were actually involved in the robbery, but were rather involved in hiding or secreting the money from the robbery, and otherwise furthering the conspiracy. In this regard, the law of conspiracy is clear that conspirators need not know or even have contact with each other. It is sufficient that a conspirator knows that the purpose or complexity of the scheme requires the aid and assistance of additional persons. See United States v. Michaels, 726 F.2d 1307, 1311 (8th Cir. 1984); Blumenthal v. United States, 332 U.S. 539, 557-558 (1947). In addition, once the government has established the existence of conspiracy, even slight evidence connecting a particular defendant, including these defendants to the conspiracy, may be sufficient proof of a defendant's involvement in the entire conspiracy. See United States v. Reeves, 83 F.3d 203 (8th Cir. 1996). In addition, a person who knowingly and voluntarily enjoins in an existing conspiracy, even after its beginning, is responsible for all the conduct of the co-conspirators from the beginning of the conspiracy. See Bourjaily v. United States, 483 U.S. 171 (1987).

Based on the above law, the defendants are properly charged with a conspiracy to rob ATM Solutions, even though they were not present at the scene of the robbery.

The defendants also allege that 18 U.S.C. § 1951, was meant to apply to racketeering or organized crime offenses and not to apply to simple robberies. In this regard, the plain language of the statute invokes the full power of the commerce clause of the constitution by prohibiting robbery that affects commerce in any way or degree. Thus, only a minimal effect on interstate commerce is

required to establish jurisdiction under the Hobbs Act because Congress did intend to exercise the full scope of its power to regulate interstate commerce. For instance, in United States v. Dobbs, 449 F.3d 904, 912 (8th Cir. 2006), the Court held that the robbery of a stand-alone "Mom and Pop" convenience was a Hobbs Act violation even though the store had only a de minimis connection to interstate commerce. The stores resources were depleted, therefore, commerce was affected. Further, in United States v. Farmer, 73 F.3d 836, 843, the Court held that robbery of a single, Hy-Vee grocery store was sufficient to support a conviction under a Hobbs Act where the store received goods that had been previously shipped in interstate commerce. Further, individual robberies of drug dealers have been successfully charged under the Hobbs Act. See United States v. McRaney, 612 F.3d 1057 (8th Cir. 2010). Thus, as can be seen from the above, the undersigned concludes that the alleged robbery of $6 million from a company that supplies cash to ATM machines in the bi-state area is more than sufficient to show an effect on interstate commerce. Far from being de minimis, it is a significant depletion of the company's resources which does business in interstate commerce.

Therefore, the motion to dismiss the indictment should be denied

_____

#164--Motion for Bill of Particulars (Annkesha Welch)

#185--. . .or in the Alternative for Bill of Particulars (Defendant Cathy Goodson)

#172--. . .or in the Alternative for Bill of Particulars (Defendant Candi Goodson)

The defendants all allege that even if the indictment is held to be sufficient, it is so vague that the government must provide a bill of particulars.

The purpose of a bill of particulars is to apprise the defendant of the nature of the charges against him, and to prevent undue surprise at trial. United States v. Miller, 543 F.2d 1221, 1224 (8th

Cir.), cert. denied, 429 U.S. 1108 (1977). However, a bill of particulars is not a proper vehicle by which to seek to obtain names of witnesses, or evidentiary detail of the government's theory of the case. United States v. Largent, 545 F.2d 1039 (6th Cir. 1976); United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982).

The indictment in this case is sufficiently precise that it informs the defendants of the charge against them in sufficient detail to enable them to prepare a defense, to avoid the danger of surprise at trial, and to plead their acquittal or conviction as a bar to further prosecution on the same offense. See Wong Tai v. United States, 273 U.S. 77 (1927). The indictment in the case at bar alleges the victim in the case (ATM Solutions), the date of the robbery, the nature of the robbery, requiring the inducement of fear, and the fact that ATM Solutions was an interstate business. It is similar to a bank robbery charge, and is, therefore, sufficient even though it is charged as a conspiracy. Further, and importantly, this case was initiated by the filing of complaints backed up by affidavits as to each of the defendants. The affidavits make it clear that each of the defendants is charged with secreting large portions of the ATM Solutions cash in their houses, or with transporting the money to Atlanta, Georgia and to Texas for the purpose of secreting or hiding the money from authorities. Some of this money was secreted in Candi Goodson's house, and Latunya Wright is alleged to have transported or help transport the money to Texas. All or more of the women are alleged to have counted out the money and packaged it prior to its being hidden. Thus, as is the case when the government grants full discovery, this type of detail in a sworn affidavit by the FBI agent investigating the case further militates against the need for a bill of particulars. See United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979); United States v. Kilroy, 523 F.Supp. 206, 211 (E. D. Wis. 1981). Therefore, the undersigned concludes that the motions for bill of particulars should be denied.

_____

#173--Defendant's Motion to Sever Defendants (Candi Goodson)

#187--Defendant's Motion to Sever Defendants (Cathy Goodson)

The defendants are properly joined under Rule 8(b), Federal Rules of Criminal Procedure. Rule 8(b) states as follows:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all the defendants need not be charged in each count.

In the case now at bar, the defendants are charged with conspiracy to affect commerce by robbery of ATM Solutions, in violation of 18 U.S.C. § 1951. The single count relates to this conspiracy. Therefore, the undersigned concludes that parties are properly joined under Rule 8(b), Federal Rules of Criminal Procedure.

The defendants also allege that co-defendants have exculpatory evidence to offer on their behalf but will be prevented from calling them as witnesses if they are tried together. In order to support a request for severance on such claims, a defendant must show that she would: 1) call a co-defendant as a witness at a separate trial; 2) that a co-defendant would testify at this trial, and 3) that the testimony of the co-defendant would be exculpatory. United States v. Voss, 787 F.2d 393, 401 (8th Cir.), cert. denied, 479 U.S. 888 (1966). The defendants possibly have met the first of these requirements but have not shown by proffer, affidavit, or otherwise that co-defendants would testify or that their testimony would be exculpatory, or how their testimony would be exculpatory. Under these circumstances, such speculative allegations do not serve as grounds for severance.

The defendants also assert that at a joint trial, co-defendants might elect to testify and that another defendant might elect not to testify, and that if this occurs, the jury might draw adverse inferences as a result of this defendant's failure to testify. These assertions are entirely speculative, and, therefore, do not serve as any basis on which to grant a separate trial. Further, should such circumstances arise, the court may give cautionary instructions to the jury regarding its consideration of the evidence as to each defendant, and that no inference may be drawn from any defendant's failure to testify. See e.g., Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, Rev. Ed. 2011, §§ 3.05, 4.01; United States v. Robinson, 774 F.2d 261, 266 (8th Cir. 1985).

The defendants also assert as grounds for severance that some evidence is admissible against a co-defendant and is not admissible against her. The defendants do not state in any manner what this evidence is or why it is admissible against one but not another. These allegations are not sufficient basis on which to sever the defendants' case for trial. United States v. Reeves, 674 F.2d 746 (8th Cir. 1982); United States v. Jackson, 549 F.2d 517, 524-25 (8th Cir. 1977). Further, the fact that all the evidence may not be admissible against each co-defendant is not sufficient in and of itself to grant severance. See United States v. Sparks, 949 F.2d 1023, 1027 (8th Cir. 1991). Should such circumstances arise, cautionary instructions as to the consideration of evidence as to each defendant may be given.

The defendants also assert that co-defendants made admissions to the law enforcement authorities that inculpate them. If such statements do exist, the government must either not introduce such statements or they must be redacted to delete any reference to even the existence of a co-defendant. See Richardson v. Marsh, 481 U.S. 200 (1987); Bruton v. United States, 391 U.S. 123 (1968).

Further, the defendants state that they have mutually antagonistic defenses, and, therefore, their cases should be severed. First, the defendants do not state what these mutually antagonistic defenses are, and thus, based on the current record in this case, mere allegations of antagonistic defenses do not warrant severance. Further, the mere fact that there is hostility among defendants or that one defendant may try to save herself at the expense of another defendant is not sufficient grounds to require a separate trial. See United States v. Garrett, 961 F.2d 743, 746 (8th Cir. 1992). Mutually antagonistic defenses do not require severance in all cases. See Zafiro v. United States, 113 S.Ct. 933, 937 (1993).

Further, the defendants are not entitled to severance just because they believe that they have a better chance of acquittal in separate trials. The fact that the evidence against one defendant is more damaging than against another defendant, or that a defendant's role in the conspiracy is minor are not reasons for severance. See Layton v. South Dakota, 918 F.2d 739 (8th Cir. 1990); United States v. Pou, 953 F.2d 363 (8th Cir. 1992).

Therefore, the defendants' motions for severance should be denied.

*As to Defendant Annkesha Welch*:

#163--First Amended Motion to Suppress Statements

As to Defendant's Welch's motion to suppress, the parties stated on the record that they agree that all of the evidence related to the motion to suppress had been heard and ruled upon in the memorandum filed by the undersigned on January 31, 2011.[1] Therefore, as to the First Amended

---

[1] Defendant Annkesha Welch was first indicted in this matter on October 6, 2010. On November 10, 2010, after requesting and being granted several extensions of time to file pretrial motions, the Defendant filed a motion to suppress statements. A hearing was held on Defendant's

Motion to Suppress Statements, this motion should be denied as previously recommended in the Memorandum and Recommendation [Doc. #70--dated January 31, 2011], and all of the facts and findings of that memorandum be incorporated herein.

*As to Defendant Candi Goodson*

#174--Defendant's Motion to Suppress Statements

Based upon the evidence adduced at the hearing in this matter, the undersigned makes the following findings of fact and conclusions of law:

**Findings of Fact**

This matter was submitted by the defendant's attorney and the government's attorney on a stipulation of facts. The stipulation of facts were that on February 15, 2010, FBI agents and a city police officer went to the residence of Ms. Goodson, interviewed her for a time and left without arresting or threatening in any way to arrest the defendant. According to the stipulation, she was just interviewed. Shortly thereafter, Ms. Goodson was given a grand jury subpoena and went to the U.S. Attorney's Office with her mother, Cathy Goodson. She was interviewed at the U.S. Attorney's Office by an Assistant U.S. Attorney and an FBI agent. At the end of the interview, the Assistant U.S. Attorney stated that he did not want to have her testify before the grand jury based on her statement, and that she should consult with an attorney prior to going forward with any testimony in front of the grand jury. He informed her that her testimony would be subject to the penalty of perjury, and therefore, she should seek counsel. After being advised to consult with an attorney prior

---

motion on December 29, 2010, and on January 31, 2011, the undersigned filed a Memorandum and Recommendation containing findings of fact and conclusions of law. Based upon the findings of fact and conclusions of law, the undersigned recommended that the motion to suppress statements be denied.

to the grand jury appearance, Candi and Cathy Goodson left the U.S. Attorney's Office and the building. They were not arrested or otherwise detained at that time. The defendant's attorney stated that his reason for asking for suppression was that the defendant was "in custody" and should have been given Miranda warnings. During the stipulation, the undersigned stated that he wanted a full record on the matter and specifically asked the defendant whether there was anything that he wanted to bring up or anything he wanted to add, particularly about the interview in the U.S. Attorney's Office. At that point, the following response was received from the defense attorney. "No Judge, there's nothing in particular about it that stands out, that's legally significant."

## Conclusions of Law

Based on the above, the undersigned concludes that the statements should not be suppressed. In United States v. Rorex, 737 F.2d 753 (8th Cir. 1984), the defendant was interviewed by FBI agents and detained while his premises were being searched. Although the agents were investigating the defendant, and there was a degree of detention involved, the Court held that the defendant was not in custody. In so holding, the Court stated as follows:

> The warnings required by *Miranda* are required only in situations involving custodial interrogations. . .The fact that an investigation may be said to have focused on a particular person does not necessarily make questioning custodial. . .Thus, in order to determine what constitutes custody for purposes of requiring *Miranda* warnings prior to the questioning of an individual, one must look at the totality of the circumstances involved. Relevant factors include, but are not limited to: (1) the scene of the interview, (2) the subjective intent of the officer in question, *i.e.*, did the officer intend to hold the individual in custody or to arrest him at the conclusion of the interview, (3) the age and experience of the person interviewed, and (4) the mode and manner of the questioning, *i.e.*, was the design and tone of the questioning "such as to overbear the free will of the defendant." . . .

737 F.2d 753, 755, 756.

Further, in United States v. Czichray, 378 F.3d 822 (8th Cir. 2004), the FBI interviewed an individual for over seven hours and the defendant was told that if he did not want to talk to them,

they would have to interview his 75 year-old father as well as several other people. In stating the standard as to whether a person is in custody, the Court stated as follows:

> The ultimate question in determining whether the person is in "custody" for purposes of *Miranda* is "whether there is a formal arrest or restraint on freedom of movement of the degree associated with formal arrest." California v. Beheler, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) (internal quotation omitted). The "only relevant inquiry" in considering that question is how a reasonable person in Czichray's position would have understood his situation. . .

378 F.3d 822, 826.

Given the above law, especially Czichray, supra, the undersigned concludes that a defendant need not be given her Miranda warnings either when approached at her home or when being interviewed by a lawyer at the U.S. Attorney's Office. The defendant was not handcuffed or otherwise restrained in any significant way according to the stipulation, no guns were drawn by the police officers as there were no extraordinary circumstances involved, according to the defendant, and evidently no threats or promises were made to the defendant to obtain her statements as this also was not brought to the attention of the undersigned. Further, the defendant was allowed to leave the U.S. Attorney's Office after being informed that she should seek the advice of counsel, and her rights were evidently respected by the Assistant U.S. Attorney as was his duty in this matter. Therefore, based on the above, the undersigned concludes that the defendant was not in custody for Miranda purposes, particularly given the fact there were no extraordinary circumstances involved in the interview and after the interview, the defendant was allowed to leave, and the defendant was advised to obtain advice of counsel before testifying in front of the grand jury. This being the case, the undersigned concludes that the defendant's statements were voluntarily made, her will was not overborne, and the statements should not be suppressed.

**Conclusion**

Therefore, the motion of defendant Candi Goodson to suppress statements should be denied.

* * *

In accordance with the Memorandum above,

**IT IS HEREBY ORDERED** that [Doc. #164]--Motion for Bill of Particulars (Annkesha Welch); [Doc. #185]--. . .or in the Alternative for Bill of Particulars (Defendant Cathy Goodson); [Doc. #172]--. . .or in the Alternative for Bill of Particulars (Defendant Candi Goodson); [Doc. #173]--Defendant's Motion to Sever Defendants (Candi Goodson), and [Doc. #187]--Defendant's Motion to Sever Defendants (Cathy Goodson) be **denied**.

**IT IS HEREBY RECOMMENDED** that [Doc. #185]--Defendant's Motion to Dismiss Indictment . . . (Defendant Cathy Goodson); [Doc. #172]--Motion to Dismiss Indictment. . . (Defendant Candi Goodson). and [Doc. #182]--Motion to Dismiss Superseding Indictment (Defendant Annkesha Welch); [Doc. #163]--First Amended Motion to Suppress Statements (Annkesha Welch), and [Doc. #174]--Defendant's Motion to Suppress Statements (Candi Goodson) be **denied.**

Finally, the parties are advised that they have fourteen (14) days, in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of November, 2011.